**UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION**

MARYLAND CASUALTY COMPANY,

    Plaintiff,

v.                                     Case No: 8:14-cv-1893-T-30MAP

NORTH POINTE INSURANCE
COMPANY and CLARENDON
AMERICA INSURANCE COMPANY,

    Defendants.

**ORDER**

THIS CAUSE comes before the Court upon the Defendant's Motion to Dismiss Counts I and II of Complaint (Dkt. #7) and Plaintiff's Response in Opposition to the Motion (Dkt. #10). Upon review and consideration, it is the Court's conclusion that the Motion should be denied.

Plaintiff filed a complaint against Defendants alleging contribution and equitable subrogation regarding an underlying construction defect lawsuit in state court. Defendants are primary insurers for Empire Finish Systems, Inc., who is a defendant in the underlying lawsuit. The complaint alleges that the Defendants erroneously declined or withdrew from the defense of Empire Finish Systems, Inc. in the underlying lawsuit and failed to contribute to the settlement despite their contractual obligations to do so. Therefore

Plaintiff seeks Defendants' pro rata share of defense costs and indemnity payments it incurred on behalf of Empire Finish Systems, Inc.

Defendants' Motion to Dismiss argues that the Court should dismiss Counts I and II of the Complaint because Plaintiff alleged a claim for "common law contribution" which does not exist in Florida. Under Florida law, contribution is a purely statutory remedy. *Zurich Am. Ins. Co. v. Hi-Mar Specialty Chemicals, LLC,* 08-80255-CIV, 2009 WL 1851124 (S.D. Fla. 2009) (citing *Horowitz v. Laske*, 855 So. 2d 169, 173 (Fla. 5th DCA 2003)).

Although Plaintiff uses the term "common law contribution," the Complaint clearly alleges that Plaintiff seeks contribution pursuant to Section 768.31, Florida Statutes. The Uniform Contribution Among Tortfeasors Act specifically provides that "a right to contribution exists only in favor of a tortfeasor who has paid more than her or his pro rata share of the common liability." Fla. Stat. § 768.31. It further states that a "liability insurer who by payment has discharged in full or in part the liability of a tortfeasor and has thereby discharged in full its obligation as insurer is subrogated to the tortfeasor's right of contribution to the extent of the amount it has paid in excess of the tortfeasor's pro rata share of the common liability." *Id.* Plaintiff has sufficiently alleged its claim for statutory contribution. Defendants' Motion to Dismiss is without merit.

It is therefore ORDERED AND ADJUDGED that Defendant's Motion to Dismiss Counts I and II of Complaint (Dkt. #7) is DENIED.

Case 8:14-cv-01893-JSM-MAP   Document 11   Filed 10/20/14   Page 3 of 3 PageID 130


**DONE** and **ORDERED** in Tampa, Florida, this 20th day of October, 2014.

_____
JAMES S. MOODY, JR.
UNITED STATES DISTRICT JUDGE

Copies furnished to:
Counsel/Parties of Record

S:\Odd\2014\14-cv-1893- mtd 7.docx

3